IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

IN RE:

WILLIAM LEE WALLIS, JR.,

Debtor(s).

Chapter 13

Case No. 16-62041

**DEBTOR'S STATEMENT IN SUPPORT OF HIS ELIGIBILITY TO BE A CHAPTER 13 DEBTOR PURSUANT TO 11 U.S.C. § 109**

William Lee Wallis, Jr., Debtor herein, by counsel files this Statement In Support Of His Eligibility To Be A Chapter 13 Debtor Pursuant to 11 U.S.C. § 109. In support of his eligibility, the Debtor states as follows:

1.   The Debtor filed his case pursuant to Title 11, chapter 13, on October 7, 2016.

2.   Certain parties, including the Internal Revenue Service and the Court, have questioned the Debtor's eligibility to be a chapter 13 debtor, in light of his voluntary dismissal of an earlier 2016 chapter 13 case for reasons that his unsecured debt limit exceeded the chapter 13 eligibility.

3.   Since this case was filed, the following claims have been filed:

   a.   Internal Revenue Service - $456,982.13 – secured;

   b.   Crystal Rivers - $82,662.35 – secured; and

   c.   Commonwealth of Virginia Department of Taxation - $173,875.39 ($153,018.10 of which is scheduled as a priority claim).

4.   In addition to the above claims, the Debtor scheduled an unsecured claim for Robert Nitti in the amount of $20,000.

5.   To the extent that the Debtor has value in his assets, the Internal Revenue Service claim is a partially secured claim and partially unsecured claim. In the Debtor's prior chapter 13

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

case, he had only nominal asset value, resulting in almost the entire IRS claim being unsecured. As a result, the Debtor was ineligible to be a chapter 13 debtor.

6. Since the filing of the prior chapter 13 case, the Debtor has received the 2015 tax return for his company, Southern Atlantic Management Group, Inc. Unbeknownst to the Debtor at the time of the prior filing, this company has net income in the amount of $132,000, after paying him a salary of $45,000. By information and belief, such closely held service oriented companies have values equal to one to three times their earnings. In this instance, in the schedules filed pursuant to this case, the Debtor has valued Southern Atlantic Management Group, Inc. at $264,000, equal to twice its 2015 earnings. As a result of the value of this company, $264,000 of the IRS claim, to the extent that a claim in that amount is allowed, is a secured claim, and the remainder of the IRS' claim, of $192,982, is an unsecured priority claim. As stated in his schedules, the Debtor intends to object to the amount of the IRS claim.

7. Crystal Rivers has filed a claim in the case as set out above, to which the Debtor intends to object. The Debtor does not acknowledge any debt or obligation to Crystal Rivers. The attachments to Ms. Rivers' claim do not support a claim against the Debtor, but rather, seem to reference an agreement that she entered with people/entities other than the Debtor. Although Ms. Rivers filed her claim as a secured one, and seems to suggest that she has an interest in some contracts, they are not contracts that belong to the Debtor, and as stated, the Debtor does not believe that he owes any money at all, secured or unsecured, to Ms. Rivers.

8. The Virginia Department of Taxation filed the claim referenced above. It is the Debtor's intention to object to the Virginia Department of Taxation's claim, as the Debtor believes both that the claim is primarily time barred, and is asserted primarily for taxes against a company with which the Debtor is not related or involved, and therefore should not yield personal liability to

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

the Debtor. It will be the Debtor's intention in this case to object to the Virginia Department of Taxation claim as being one asserted personally against him in error.

9.  The value of the Debtor's company, which causes the IRS claim to be partially secured and partially unsecured, results in a mathematical calculation of the claims against the Debtor that concludes in favor of his eligibility as a chapter 13 debtor. Even if the claims of the IRS and Virginia Department of Taxation were allowed as filed, the Debtor would have secured debt of $264,000.00 and unsecured debt of $386,857.00. As stated however, the Debtor will object to both of these debts.

WHEREFORE, William Lee Wallis, Jr. moves this Court to determine that he is eligible to be a chapter 13 debtor pursuant to 11 U.S.C. § 109 and allow him to go forward with this case and his chapter 13 plan to adjudicate his debts.

Dated: November 17, 2016          Respectfully submitted,

WILLIAM LEE WALLIS, JR.

By: /s/ Andrew S. Goldstein
    Of Counsel

Andrew S. Goldstein, Esq. (VSB #28421)
Garren R. Laymon, Esq. (VSB #75112)
Magee Goldstein Lasky & Sayers, P.C.
P.O. Box 404
Roanoke, VA  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: agoldstein@mglspc.com
*Counsel for the Debtor*

MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

<u>CERTIFICATE OF SERVICE</u>

  I certify that on this 17th day of November, 2016, I served a copy of the foregoing by first class mail postage prepaid to:

| | |
|---|---|
| United States of America | Ms. Crystal Rivers |
| Ari D. Kunofsky, Esq. | 3831 Old Forest Road, Suite 6 |
| US Department of Justice | Lynchburg, VA 24501 |
| Post Office Box 227 | |
| Ben Franklin Station | Commonwealth of Virginia |
| Washington, DC 20044 | Department of Taxation |
| | Post Office Box 2156 |
| | Richmond, VA 23218 |

and by the electronic filing of this statement, upon all users of CM/ECF that have appeared in this case.

                By: /s/  Andrew S. Goldstein

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW