United States Bankruptcy Court

For The Western District of Virginia

Lynchburg Division



WILLIAM L. WALLIS

Debtor

Chapter 13

Case No. 16-62041

## NOTICE OF APPEAL

William L. Wallis, the debtor/defendant, pro se, appeals under 28 U.S.C. 158 (a) from the final order of the bankruptcy judge (Docket Entry No.48) denying my motion to extend the automatic stay, dated December 16, 2016; and the final order of the bankruptcy judge (Docket entry No. 51) dismissing my bankruptcy case, dated December 26, 2016.

This appeal is taken to the United States District Court for the Western District of Virginia.

The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are Appellant, William L. Wallis, Pro Se, 1202 Greenway Court, Lynchburg, Virginia 24503-1912.

Respectfully Submitted,

WILLIAM L. WALLIS

William L. Wallis, Pro Se

1202 Greenway Court

Lynchburg, Virginia 24503-1912

*1*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In re:
WILLIAM LEE WALLIS, JR.,
Debtor.

Chapter 13
Case No. 16-62041

ORDER

Before the Court is the debtor's motion to extend the automatic stay on the grounds that the filing of the current petition was in good faith as to the creditors to be stayed ("automatic stay motion"), ECF Doc. No. 11. As a preliminary matter, the Court must determine if the debtor, William Lee Wallis, Jr. ("Wallis"), filed his petition under chapter 13 when he was not eligible for chapter 13 relief due to the amount of his unsecured debts. At the Court's request, Wallis filed a statement asserting he falls within the unsecured debt limit of section 109(e). ECF Doc. No. 30. The United States of America ("United States") filed responses opposing the automatic stay motion and arguing Wallis is ineligible do be a debtor in chapter 13. ECF Doc. Nos. 13, 33.

On December 8, 2016, the Court held a hearing on the above issues. The United States and Wallis appeared by counsel, and the chapter 13 trustee participated telephonically. After considering the record, the evidence and the well-reasoned arguments of counsel, the Court denies the automatic stay motion and finds Wallis's unsecured debts exceed the chapter 13 eligibility limit.

Because Wallis filed this present case within one year of the Court's dismissal of his prior bankruptcy case, this present case is presumptively not filed in good faith. 11 U.S.C. § 362(c)(3)(C). Wallis may overcome the presumption only by clear and convincing evidence. *Id.* The Court need not find that Wallis filed this case in bad faith, only that he did not rebut the presumption by clear and convincing evidence. Wallis was unable to do so.

Wallis has offered no reason for this latest bankruptcy other than an attempt to litigate the presumptive validity of the Internal Revenue Service ("IRS")'s tax assessments against him. The United States District Court or the Western District of Virginia already rejected Wallis's attempt to attack the presumptive validity of the IRS tax assessments after two years of highly-contested litigation. *See United States v. Wallis*, No. 6:14-CV-00005, 2016 WL 411020 at *8–11 (W.D. Va. Feb. 1, 2016) (finding Wallis failed to rebut the presumption of correctness of the federal tax assessments and granting partial summary judgment for the United States). Setting aside the fact that this Court may not be the appropriate forum in which to challenge Judge Moon's decision in *Wallis*, the Fourth Circuit has instructed when a bankruptcy is filed "merely for the purpose of invoking the automatic stay, without an intent or ability to reorganize," then it is filed with subjective bad faith. *Carolin Corp. v. Miller*, 886 F.2d 693, 702 (4th Cir. 1989) (quoting *Meadowbrook Inv'rs Grp. v. Thirteenth Place, Inc. (In re Thirteenth Place, Inc.)*, 30 B.R. 503, 505 (B.A.P. 9th Cir. 1983)) (discussing subjective bad faith in context of chapter 11 dismissal); *accord Md. Port Admin. v. Premier Auto. Servs., Inc. (In re Premier Auto. Servs., Inc.)*, 492 F.3d 274, 281 (4th Cir. 2007). This is the exact situation before the Court.

The Court finds Wallis filed this bankruptcy solely to prevent the entry of a final judgment in the district court litigation and has proposed a plan that has no hope of being confirmed. *See* ECF Doc. No. 32 (proposing Chapter 13 plan funded by a total of $30,000). In his own pleadings and arguments, Wallis acknowledges that the IRS holds a priority claim for at least $189,000. Yet Wallis proposes to fund his plan with only $30,000. Wallis's plan fails to meet the requirements of section 1322(a)(2) and is patently unconfirmable. *See* 11 U.S.C. § 1322(a)(2) (instructing plan "shall provide for the full payment" of priority claims); *see*

2

*generally* § 1325 (confirmation of plan). For the foregoing reasons, the Court will deny Wallis's automatic stay motion.

Furthermore, if Wallis filed a chapter 13 petition when he is not eligible for chapter 13 relief, then it may be illogical for the Court to conclude the chapter 13 petition was filed in good faith. For this reason, the Court examines whether Wallis is eligible to be a debtor in chapter 13 in connection with the automatic stay motion. After considering the petition, schedules, claims, testimony and arguments of counsel, the Court finds Wallis's "noncontingent, liquidated, unsecured debts [are not] less than $394,725." § 109(e).

Wallis has three unsecured debts that are noncontingent and liquidated: the IRS tax assessment, the tax assessment by the Virginia Department of Taxation, and a debt to a former business partner.[1] Even if Wallis disputes the liability of these debts, nonetheless they are counted towards the debt limit for purposes of eligibility. The combined amount of these unsecured debts far exceeds the section 109(e) limit. The IRS, however, is partially secured through a federal tax lien on Wallis's assets. Wallis's lone asset of any material value is his interest in Southern Atlantic Management Group, Inc., ("Southern"). Wallis is Southern's sole owner and shareholder. Wallis argues the company is worth $264,000. If Wallis is correct, his combined unsecured debts for the purposes of section 109(e) drop to $386,857, making him eligible to be a debtor in chapter 13.

Wallis was the only witness to testify his interest in Southern is worth $264,000 at the December 8, 2016 hearing. To support his valuation of Southern, Wallis relied almost exclusively on Southern's 2015 tax return and corresponding $132,497 profit. *See* ECF Doc. No. 42 at 14–19 (Southern's 2015 corporate tax return). Wallis's testimony was at times inconsistent

---

[1] For the purposes of this Order, the Court is not considering any other unsecured debts Wallis may owe, as those debts do not appear to be noncontingent or liquidated.

3

and often punctuated with statements of uncertainty. Wallis could not tell the Court with any degree of confidence how involved he was in Southern's operations in 2015, was unable to explain the status of several loans the company received and could not describe the source and amount of his compensation. What is more, Wallis offered no tangible proof of Southern's current financial health beyond his hope that the company would remain as profitable as it had been in 2015. The Court finds Wallis's testimony regarding Southern's value neither believable nor reliable and rejects his $264,000 valuation of the company. Wallis offered no other evidence to support his assertion that his interest in Southern is worth $264,000.

In order to answer the question of Wallis's section 109(e) eligibility, the Court does not need to affix a dollar value to Southern. Even relying on Wallis's own valuation methodology it is obvious he exceeds the chapter 13 unsecured debt limit. Wallis conceded Southern's 2015 tax return disclosed a $27,549 shareholder loan to the company that was not listed as repaid. *See* ECF Doc. No. 42 at 16, 19 (Southern's 2015 Schedule L and supporting statement). Indeed, Wallis testified he did not know whether Southern had repaid the shareholder loan to date. Based on the evidence, the Court concludes Southern did not repay the shareholder loan in 2015. The Court thus finds it appropriate to reduce Wallis's valuation of the company by at least this $27,549 figure. This result on its own pushes Wallis more than $19,000 over the section 109(e) unsecured debt limit, rendering him ineligible to be a debtor in chapter 13.

The Court finds Wallis's testimony unconvincing. The petition, schedules, and record in this case establish Wallis is over the debt limit for chapter 13.

Accordingly, it is

**ORDERED**

That Wallis's automatic stay motion, ECF Doc. No. 11, is **DENIED**.

Copies of this order are directed to be sent to counsel for the debtor, counsel for the United States and the chapter 13 trustee.

Entered: 12/16/16

/s/ Rebecca B. Connelly
—————————————————
Rebecca B. Connelly
U.S. Bankruptcy Judge

5

UNITED STATES BANKRUPTCY COURT
for the Western District of Virginia
Lynchburg Division

| In re: William Lee Wallis, Jr. | CASE NO. 16-62041 |
|---|---|
| Debtor(s) | CHAPTER 13 |

### ORDER DISMISSING CASE

For the reasons set forth in the Notice or Motion, and for good cause shown, it is

ORDERED

that the above case(s) and all related pending motions and adversary proceedings arising therein, unless on appeal, be, and the same hereby are, dismissed.

It is further

ORDERED

that upon the trustee filing a final report herein, the same shall be deemed approved without further order, trustee's bond shall be released and the trustee shall be discharged from further liability herein unless proper objection is made to said final report within thirty (30) days after filing of same or such extended time as may be granted upon proper application made within said thirty (30) day period. If the Discharge Order has been issued, the same is recinded.

If the case is a Chapter 13 case, it is further

ORDERED

that the employer, if heretofore ordered to do so, shall cease making deductions from debtor(s)' wages to be paid to the trustee. In the alternative, if the debtor(s) established electronic payments to be paid to the trustee, the debtor or the trustee, if able, should immediately cease all future scheduled payments, if any.

Service of a copy of this Order shall be by mail to the debtor(s), attorney for the debtor(s), trustee, employer, if applicable, U.S. Trustee, and all parties on the current mailing matrix.

Entered: 12/23/16

_/s/ Rebecca B. Connelly_
REBECCA B. CONNELLY, JUDGE

van02.jsp

United States Bankruptcy Court
Western District of Virginia

In re:
William Lee Wallis, Jr.
   Debtor

Case No. 16-62041-rbc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0423-6     User: warrenk     Page 1 of 1     Date Rcvd: Dec 23, 2016
                      Form ID: van02     Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 25, 2016.
```
db              +William Lee Wallis, Jr.,    1202 Greenway Court,    Lynchburg, VA 24503-1912
4339683         +Commonwealth of Virginia Taxation Dept.,    3610 W. Broad Street,    Richmond, VA 23230-4902
4350747         +Crystal VL Rivers,    3831 Old Forest Rd Suite 6,    Lynchburg, VA 24501-6947
4339684         +Gary M. Bowman,    2728 Colonial Avenue,    Suite 100,    Roanoke, VA 24015-3877
4339686         +Northwood Management Group, Inc.,    PO Box 501,    Spout Spring, VA 24593-0501
4339685         +Robert A. Nitti,    PO Box 184,    Appomattox, VA 24522-0184
4351749         +U.S. Dept. of Justice,    c/o Ari Kunofsky,    PO Box 227,    Washington, DC 20044-0227
4348556         +U.S. Dept. of Justice,    for IRS,    P.O. Box 227,    Washington, DC 20044-0227
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4353517         +E-mail/Text: bkr@taxva.com Dec 23 2016 21:19:20     Commonwealth of Virginia,
                 Department of Taxation,    PO Box 2156,    Richmond, VA 23218-2156
4339682          EDI: IRS.COM Dec 23 2016 21:23:00      Department of Treasury,    Internal Revenue Service,
                 Kansas City, MO 64999
```
                                                                                                                                                       TOTAL: 2

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
cr               The United States of America, on behalf of its age
cr*             +Crystal VL Rivers,    3831 Old Forest Rd Suite 6,    Lynchburg, VA 24501-6947
cr*             +Gary M Bowman,    2728 Colonial Ave, Suite 100,    Roanoke, VA 24015-3877
```
                                                                                                               TOTALS: 1, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 25, 2016                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 23, 2016 at the address(es) listed below:
```
              Andrew S Goldstein    on behalf of Debtor William Lee Wallis, Jr. agoldstein@mglspc.com,
               agoldstein@mglspc.com
              Ari Kunofsky    on behalf of Creditor    The United States of America, on behalf of its agency the
               Internal Revenue Service ari.d.kunofsky@usdoj.gov
              Lee Perla    on behalf of Creditor    The United States of America, on behalf of its agency the
               Internal Revenue Service Lee.Perla@usdoj.gov, eastern.taxcivil@usdoj.gov
              USTrustee    USTPRegion04.RN.ECF@usdoj.gov
```
                                                                                                                          TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
☐ HARRISONBURG DIVISION [☐ HARRISONBURG or ☐ STAUNTON] or
☒ LYNCHBURG DIVISION [☒ LYNCHBURG or ☐ CHARLOTTESVILLE]

☒ INITIAL or ☐ SUPPLEMENTAL
TRUSTEE'S REPORT & OBJECTIONS FOLLOWING MEETING OF CREDITORS

and

NOTICE TO DISMISS OR CONVERT CASE
AND
MODIFICATIONS, DOCUMENTS, OR ACTIONS REQUIRED

IN RE: WILLIAM LEE WALLIS, JR.                    CASE #: 16-62041
1202 GREENWAY COURT
LYNCHBURG, VA 24503

This is the Trustee's report following the ☒ initial or ☐ adjourned Meeting of Creditors, which was held on the date noted below; the Debtor ☐ did or ☒ did not attend; Creditors ☐ did or ☐ did not appear.

☒ The hearing on confirmation and Show Cause on Dismissal/Motion to Reconvert is to be held on
   December 22, 2016, at ☒ 9:30 a.m. or ☐ 10:00 a.m., as originally noticed;
☒ Trustee objects to confirmation, and modifications, documents, or actions are required as set forth
   on attached Exhibit "A"
☐ The Meeting of Creditors IS NOT adjourned;
☒ The Meeting of Creditors IS adjourned to Feb 3, 2017, at
   10:30 a.m. - Debtor's Attorney to notice Debtor of the continuance.

Further, if modifications are required, they must be served upon all affected Creditors and other parties in interest, pursuant to the Local Rules of this Court, and noticed for hearing as of the date set forth for hearing on confirmation, or to such other date as the Court may advise Debtor's counsel.

WHEREFORE, your Trustee moves the Court to dismiss or convert this case if the requested modifications, documents, and/or actions have not been completed at least ten days prior to the scheduled hearing on confirmation, and/or if the Debtor has failed to appear at the original or adjourned Meeting of Creditors, and/or if the Debtor is not current in Plan payments; and, for other relief as may seem just.

Dated: 12/02/2016
       (Date of 341 Hearing)

Herbert L. Beskin, Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA  22902
Ph: 434-817-9913; Email: ch13staff@cvillech13.net

CERTIFICATE OF SERVICE

A copy of this Trustee's Report and Objection Following Meeting of Creditors was mailed to the Debtor and electronically served by ECF or mailed though USPS to Debtor's counsel on December 05, 2016.

Herbert L. Beskin, Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA  22902
Ph: 434-817-9913; Email: ch13staff@cvillech13.net

(Version #27, 11/24/15)

## EXHIBIT "A" TO TRUSTEE'S REPORT (page 1)

Name(s): WILLIAM LEE WALLIS, JR.                                           Case No. 16-62041

✓ 1. The Debtor must commence making payments at the rate and in the amounts stated in the Plan. If the Plan calls for payments through an automatic wage deduction from an employer, the Debtor must make payments directly to Trustee until the wage deduction takes effect.

✓ 2. The Debtor or attorney must **within 10 days**:                                                   OK
   ✓ A. Submit a wage-deduction Order to the Court for entry; or
   ✓ B. Submit a pay-direct Order AND provide proof that a TFS payment account has been set up and is working; or
   ___ C. Send to the Trustee the employer's payroll office mailing address so that a wage-deduction Order can be prepared

___ 3. The Trustee objects to confirmation of the proposed Plan and/or moves to dismiss or convert this case pursuant to 11 U.S.C. § 1307 because:
   ___ A. Debtor ineligible for Chapter 13: debts exceed statutory limits [11 U.S.C. § 109(e)]                                         OK
   ___ B. Debtor ineligible for Chapter 13: nature of dismissal of prior case [11 U.S.C. § 109(g)]                                     OK
   ___ C. Debtor ineligible for Chapter 13: failure to obtain pre-petition budget counseling [11 U.S.C. § 109(g)] 10/7/2016            OK
   ___ D. Insufficient future income devoted to Trustee's control to assure execution of the Plan. [11 USC § 1322(a)(1)]               OK
   ___ E. Plan does not provide for payment in full of all priority claims in full. [11 U.S.C. § 1322(a)(2)]
   ___ F. Plan discriminates unfairly against a designated class of unsecured claims [11 U.S.C. § 1322(b)(1)]
   ___ G. Plan does not provide for the appropriate plan payment period [11 U.S.C. § 1322(d)]
          Plan payment period should be _36_ months. (Debtor is: ☐ above median ☑ below median)
   ___ H. Plan has not been proposed in good faith [11 U.S.C. § 1325(a)(3)]
   ___ I. Plan does not meet the Chapter 7 liquidation test [11 U.S.C. § 1325(a)(4)]
   ___ J. Periodic payments to an allowed secured claim are not in equal monthly installments [11 U.S.C. § 1325(a)(5)(B)(iii)]         OK N/A
   ___ K. Payments to creditor secured by personal property insufficient to provide adequate protection [11 U.S.C. § 1325(a)(5)(B)(iii)]  OK N/A
   ___ L. Debtor will not able to make all payments under plan or comply with plan; plan infeasible [11 U.S.C. § 1325(a)(6)]
   ___ M. Debtor did not file the petition in good faith [11 U.S.C. § 1325(a)(7)]
   ___ N. Debtor has not demonstrated that all post-petition support payments have been made [11 U.S.C. § 1325(a)(8)]
   ___ O. Debtor has not filed all applicable Federal, State, and local tax returns (§ 1308) [11 U.S.C. § 1325(a)(9)]                  OK N/A ?
          Years not filed: IRS: _____ ; VDOT / other state: _____
   ___ P. Plan as proposed is under-funded (not sufficient funds for Trustee to pay claims as proposed in plan)
   ___ Q. Debtor in default of plan / Trustee payments (As of __/__/__ ; amount rec'd = $_____ ; def. = $_____ )                     OK
   ___ R. Plan fails to provide that all of the disposable income in the commitment period will be applied to plan payments
          [11 U.S.C. § 1325(b)(1)(B)] _____
   ✓ S. As filed, Form 22C, Line 45, requires 60 mo. x $_____ /mo. = $_____ ; and amendment IS / IS NOT required.
          Other: _____

✓ 4. The Debtor must provide the Trustee with the following documents:
   ✓ A. Copy of **all** of the Debtor's pay stubs, operating statements (if self-employed), retirement checks, or government benefits (Social   OK
         Security, unemployment insurance, etc.) received in the 60 day period before this case was filed.
   ___ B. Affidavit of ongoing financial contribution (on Trustee's standard form) for $_____ /mo. from: _____
   ___ C. Copy of any previously filed Homestead Deed(s).
   ___ D. Copy of the real estate & personal property tax assessments for the current year AND/OR real estate appraisal or BPO.          OK N/A
   ___ E. Copy of deed(s) conveying real property to Debtor(s). (Issue: T by Es; joint; life estate; or _____ )
   ___ F. Proof that an automatic payment process for future mortgage payments has been put into place. (arrears are $_____ )
   ___ G. Documents, *properly summarized*, to support _____

   ✓ H. The questionnaire sent to the Debtor by the Trustee, with all questions answered.                                               OK
   ___ I. Attorney shall discuss with debtor(s) revising wage withholding and/or tax exemptions to increase take-home pay/ ensure no taxes
          will be due
   ✓ J. A copy of the Debtor's most recently filed federal income tax return (20_15_) [11 U.S.C. § 521(e)(2)] OR affidavit              OK
   ___ K. Within 30 days a copy of all delinquent unfiled income tax returns (see para. 3O, above), plus a statement confirming that returns
          have been filed with (as applicable) Special Procedures Div. of the IRS and the Bankruptcy Dept. of the VDOT in Richmond.
   ___ L. Proof of child support income / expense $_____ ; proof of daycare expense $_____ .                                          OK N/A ?
   ___ M. DSO information needed: payee name, address, and phone number.
   ✓ N. Pre-confirmation affidavit from Debtor(s), or other appropriate evidence to satisfy matters addressed in the affidavit.
   ___ O. Other: _____

___ 5. The Debtor must provide the Trustee with the following information: _____

✓ 6. The Debtor must file the following pleading(s):
   ___ A. Motion or adversary complaint to avoid lien for: _____
   ___ B. Application for allowance of attorney's fees in excess of usually allowed amount.
   ✓ C. Motion and order to extend or impose automatic stay (hearing has been set for 12/8/16 )                                         OK N/A
   ___ D. Other: _____

(Version #27, 11/24/15)

<u>EXHIBIT "A" TO TRUSTEE'S REPORT (page 2)</u>

Name(s): WILLIAM LEE WALLIS, JR.                                                          Case No. 16-62041

____ 7. The Debtor must amend and refile the following Schedules to provide complete and accurate information:
  ____ A. Schedule A/B, Part 1 (real estate): _____
  ____ B. Schedule A/B, Part 2 - 8 (other property): _____
  ____ C. Schedule C: Trustee objects to the following claims of exemption: _____
  ____ D. Schedule D (secured): _____
  ____ E. Schedule E/F, Part 1 (priority): _____
  ____ F. Schedule E/F, Part 2-4 (non-priority): _____
  ____ G. Schedule G (exec./ leases): _____
  ____ H. Schedule H (co-debtors): _____
  ____ I. Schedule I (income): _____
  ____ J. Schedule J (expenses): _____
  ____ K. Statement of Financial Affairs: _____
  ____ L. Attorney Disclosure Statement: _____
  ____ M. Form 21 (Soc. Sec. #): _____
  ____ N. Petition: _____
  ____ O. Form 22C 1&2 (Current Monthly Income): _____
  ____ P. Other: _____

✓ 8. The Debtor must amend the proposed Plan as follows:
  ____ A. To provide for §1326 adequate protection payments for: _____
  ____ B. To amend Plan to pay secured debt arrearage in full, or object to claim, for the following creditor(s): _____
  ✓ C. To increase Plan payments as follows: _if noticed at 100%, it must actually pay 100%_
  ✓ D. To correct proposed percentage payout to unsecured creditors. _if not actually 100%_
  ✓ E. To provide for the following priority or secured claims, or object to claim(s): _POC 1 IRS sec $456,982.13;_
       _POC 2 Crystal VL Rivers sec $82,662.35;* POC 3 Commonwealth of VA priority $15,3018.10 (unsec $20,857.09)_
  ____ F. File and properly serve "Special Notice to Secured Creditor" for: _____
  ____ G. File / Redo Plan using proper Plan format (see Court's web site) _(*amended to $451,906)_
  ____ H. To resolve the following objections/motions: _____
  ✓ I. Other _(1) para 2A2 is blank_
         _(2) para 3D - tell IRS to look at para 11_
         _(3) $5,310 attorney fee - w/o time records, Trustee will have to object_

✓ 9. The Plan needs to be re-noticed to:
  ✓ A. All creditors
  ____ B. The following creditors: _____

____ 10. Plan only pays a total of $_____ (net) to general unsecured creditors.                    N/A

✓ 11. Other: _(1) plan noticed at 100%, but is not according to claims & schedules_

____ 12. Confirmation order to state:
  ____ A. Plan must pay 100% to all general unsecured creditors / all joint unsecured creditors / all unsecured creditors of Husband / all unsecured creditors of Wife based upon the Chapter 7 test ($_____) / Disposable Income test ($_____).
  ____ B. Trustee retains his Disposable Income / Chapter 7 Test objection to review _____, the Debtor(s) shall provide the Trustee with amended Schedules I and J (as needed), 3 months of recent pay advices, federal tax return for 20____, and _____.
  ____ C. Trustee retains his Disposable Income objection and will object to any future amended Plan which reduces the total payout to   N/A
       general unsecured creditors below 100%, because Debtors are not devoting all disposable income to Plan payments (Line 45, Form 22C requires $_____ /mo.; plan payment is $_____ /mo.)
  ____ D. Debtor(s) have an affirmative obligation to advise the Trustee immediately _____
  ____ E. Debtors are not entitled to discharge under sec. 1228(f) because _____
  ____ F. Debtor(s) shall pay directly all required tax payments (income, sales, withholding, etc.) every calendar quarter during the Plan.
  ____ G. Other: _____

____ 13. Trustee & attorney agree: Confirmation to be continued to ____/____/____
       Reason: to get beyond bar date to review joint claims / ensure 100% payout, or _____

(Version #27, 11/24/15)